**CHICAGO SPRING PRODUCTS CO.,**
**Plaintiff,**

v.

**U. S. STEEL CORP., Defendant.**

**No. 65 C 847.**

United States District Court
N. D. Illinois, E. D.
April 29, 1966.

Nathan Allen, Thomas E. Dorn, Wallace, Kinzer & Dorn, Chicago, Ill., for plaintiff.

Chadwell, Keck, Kayser, Ruggles & McLaren, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

MAROVITZ, District Judge.

Motion of Defendant for Judgment on the Pleadings.

This action arises under Sections 2(d) and 2(e) of the Clayton Act, as amended by the Robinson-Patman Act, (Secs. 13 (d), (e), Title 15, U.S.C.). In essence, plaintiff, a manufacturer of coil springs and coil spring assemblies, used for innerspring mattresses, charges that de-

fendant, its supplier of steel wire, granted discriminatory "freight allowances or rebates" during the years 1962, 1963, and 1964, to other steel wire purchasers, when those purchasers took delivery f. o. b. defendant's mill, by means other than common carrier, without making such payments available to plaintiff on proportionally equal terms.

■ Defendant has moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure on the ground that freight allowances and rebates are not actionable under Sections 2(d) and 2(e) of the Robinson-Patman Act. We must agree.

In American Can Co. v. Russelville Canning Co., (8th Cir., 1951) 191 F.2d 38, the Court of Appeals for the Eighth Circuit held directly in point that the payment of a freight allowance did not constitute the furnishing of "services or facilities" connected with the processing, handling or sale of commodities within the meaning of Section 2(e) and that such abuses are actionable only as "price discrimination" under Section 2(a), being subject to the cost justification defense outlined therein. See also New England Confectionery, 46 F.T.C. 1041 (1949), wherein the Federal Trade Commission held that freight rebates did not fall under the terms of Sections 2(d) and 2(e), and that the "proportionally equal terms" standard of those sections did not apply; Rowe, Price Discrimination Under the Robinson-Patman Act, pp. 363–420 (1962).

The correctness of these decisions is made manifestly clear by an analysis of the legislative history and language of the Robinson-Patman Act.

Initially, it is clear that Section 2(a) of the Act, upon which this action was originally based before amendment, expressly covers such rebates, providing that differentials which make "due allowance for differences in the cost of * * * *delivery* resulting from the differing methods * * * in which such commodities are * * * *delivered,*" are lawful. In contrast, not a single mention of "delivery" can be found in Sections 2(d) and 2(e). When this factor is combined with the uncontroverted case law holding that the cost justification defense is applicable only to actions under Section 2(a), F. T. C. v. Simplicity Pattern Co., 360 U.S. 55, 79 S.Ct. 1005, 3 L.Ed.2d 1079 (1959), it would seem apparent that Congress did not intend freight allowance differentials to be sued upon under the instant sections which are not subject to the defenses made available in Section 2(a). For to hold that they could be so based, would be to make nugatory the defenses specifically outlined for this offense.

■ Further, where statutory provisions are inconsistent, as here, it is well-settled that specific terms covering the subject matter, as Section 2(a) with regard to "delivery" will prevail over more general language in other sections. Kepner v. United States, 195 U.S. 100, 125, 24 S.Ct. 797, 49 L.Ed. 114 (1904). While there is overlap in the coverage of the three sections, such overlap cannot be said to control when "delivery" is specifically provided for in one section and not in the remaining two.

Moreover, if this Court were to apply Sections 2(d) and 2(e) to freight allowances, we would be acting in contradiction to the apparent goal of all anti-trust legislation, by stifling price competition. See Automatic Canteen Co. v. F. T. C., 346 U.S. 61, 73–74, 73 S.Ct. 1017, 97 L. Ed. 1454 (1953). That is, while Section 2(a) provides that price differentials are lawful absent proof of competitive injury, Sections 2(d) and 2(e) declare certain acts to be *per se* illegal. Therefore, if we were to decide that freight rebates were subject to the latter sections, we would in effect be concluding that buyers and sellers were no longer free to haggle over basic *price* elements, and that proof of competitive injury would no longer be a prerequisite to recovery.

We submit that the better view is to limit actions on price differentials, including freight rebates, to Section 2(a), and to consider Section 2(d) and 2(e)

applicable only to unlawful promotional arrangements connected with *resale*, i. e. services unrelated to price. Indeed this conclusion is demanded when reference is made to the legislative history of the Act, and statements made by Congressmen at the time of enactment:

"* * * the existing evil at which this part of the bill [2(d) and 2(e)] is aimed is, of course, the grant of discriminations under the guise of payments for advertising and promotional services * * *." 80 Cong.Rec. 9418 (1936).

"[the] Committee discussed the bill and the provisions in paragraph (d) with relation to advertising allowances, and any member of that committee will tell you that that section refers to advertising allowances." 80 Cong.Rec. 8123 (1936).

See also Nuarc Co. v. F. T. C., (7th Cir., 1963) 316 F.2d 576, 580; Rowe, Price Discrimination Under the Robinson-Patman Act, supra, at p. 377 (1962).

When plaintiff herein dropped its charges of Section 2(a) violations by filing its Second Amended Complaint, it did so to avoid the necessity of proving competitive injury, and to escape from meeting a cost justification defense. In the opinion of this Court, plaintiff did not have the opportunity to make such a choice. Its remedy, if any, for freight allowance discrimination must fall under Section 2(a). Sections 2(d) and 2(e) on which it relies are not applicable.

American Can Co. v. Bruce's Juices, Inc., (5th Cir., 1951) 187 F.2d 919 does not support plaintiff's cause as it supposes. In that case the Court dealing with discriminatory freight allowance charges brought under Section 2(a) and 2(e) considered cost justification as a defense, at page 924, which, as discussed above, is applicable only to Section 2(a) actions. See F. T. C. v. Simplicity Pattern Co., supra. Inasmuch as cost jus-

tification is not a proper inquiry under Section 2(e), we must conclude that the Court could have based its opinion on Section 2(a), alone.

We are satisfied that Congress intended to strike down freight discriminations which are an element of "price" *only* when those discriminations have an adverse effect on competition or cannot be cost justified as provided for in section 2(a). The per se unlawfulness of Sections 2(d) and 2(e) is not applicable.

Accordingly, the motion of defendant for judgment on the pleadings is granted.