**CHICAGO SPRING PRODUCTS CO.,**
Plaintiff-Appellant,

v.

**UNITED STATES STEEL CORPORA-
TION, Defendant-Appellee.**

No. 15774.

United States Court of Appeals
Seventh Circuit.

Dec. 20, 1966.

Frank J. McGarr, Thomas E. Dorn, Nathan Allen, Chicago, Ill., for appellant.

Luther C. McKinney, John T. Chadwell, Thomas W. Johnston, Chicago, Ill., Chadwell, Keck, Kayser, Ruggles & McLaren, Chicago, Ill., of counsel, for appellee.

Before KNOCH, CASTLE and SWYGERT, Circuit Judges.

PER CURIAM.

The plaintiff, Chicago Spring Products Co., has appealed from dismissal of its action for violation of the Robinson-Patman Act, §§ 2(d) and (e), Title 15, United States Code §§ 13(d) and (e), which prohibit discrimination in payments for services or facilities and in furnishing services or facilities for processing, handling or sale of goods.

In its second amended complaint the plaintiff alleged that although the estab-

lished policy of the industry, including the defendant, United States Steel Corporation, was to refuse any freight allowances where steel was delivered to trucks furnished by the purchaser, who was not a common carrier, nevertheless, defendant had granted "freight allowances or rebates on purchases" to selected competitors of the plaintiff on shipments delivered directly to such competitors at the defendant's plants with no shipment by common carrier entailed.

Plaintiff contends that §§ 2(d) and (e) encompass a broad range of discriminatory practices including those charged in the complaint, despite the fact that such practices would constitute violations under § 2(a) as well [as held by the District Court in dismissing the matter as not actionable under §§ 2(d) and (e)]. Section 2(a) obligates a plaintiff to prove competitive injury and to meet a cost justification defense.

Plaintiff contends that the District Judge erred in treating the alleged "freight allowances or rebates" as having to do with delivery which is specifically included in the provisions of § 2(a), rather than as payments for "handling" the product under § 2(d) or contributions to furnishing of service under § 2(e). We find the plaintiff's arguments in this regard unpersuasive.

The plaintiff also contends that the District Court mistakenly concluded that Congress intended to exclude from coverage under §§ 2(d) and (e) such conduct as here is made the subject of the complaint. The plaintiff sees this error as arising from the District Court's consideration of certain statements in the legislative history out of context. In the District Judge's opinion, we find the following quotation:

> * * * the existing evil at which this part of the bill [2(d) and 2(e)] is aimed is, of course, the grant of discriminations under the guise of payments for advertising and promotional services * * * 80 Cong.Rec. 9418 (1936).

[the] Committee discussed the bill and the provisions in paragraph (d) with relation to advertising allowances, and any member of that committee will tell you that that section refers to advertising allowances. 80 Cong.Rec. 8123 (1936).

The plaintiff argues that a broader intent is apparent if one considers the first part of the above quotation in the context of the entire paragraph, in which the plaintiff emphasizes the following sentence:

> The prohibitions of the bill, however, are made intentionally broader than this one sphere in order to prevent evasion in resort to others by which the same purpose might be accomplished, * * *

The entire paragraph reads:

> The bill prohibits the seller from paying the customer for services or facilities furnished by the latter in connection with the seller's goods unless such payment is available on proportionally equal terms to all other competing customers. The existing evil at which this part of the bill is aimed is, of course, the grant of discriminations under the guise of payments for advertising and promotional services which, whether or not the services are actually rendered as agreed, results in an advantage to the customer so favored as compared with others who have to bear the cost of such services themselves. The prohibitions of the bill, however, are made intentionally broader than this one sphere in order to prevent evasion in resort to others *by which the same purpose might be accomplished,* and it prohibits payment for such services or facilities whether furnished "in connection with the processing, handling, sale, or offering for sale" of the products concerned. 80 Cong.Rec. 9418–19 (1936) [emphasis added]

We disagree that the paragraph read as a whole shows a Congressional intent to include within the provisions of §§ 2(d) and (e) such activity or conduct, clearly covered by § 2(a) as is here made the subject of the complaint before us.

After study of the record and the authorities to which our attention has been invited by the briefs and oral argument of counsel, we have arrived at the same conclusions as those of the learned District Judge whose well reasoned opinion, published at 254 F.Supp. 83, we adopt as our own except insofar as it is inconsistent with the foregoing. The decision of the District Court is affirmed.

Affirmed.